IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZACHARY STAINKAMP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| PATRIOT AUTO GROUP 2, LLC; PATRIOT AUTO GROUP 3, LLC d/b/a PATRIOT CHRYSLER DODGE JEEP of MCALESTER; and SETH KNIGHTON | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. CIV-22-781-D

# **ORDER**

Before the Court are non-party SeeYourInnerPowerz Corp.'s Motion to Quash Subpoena [Doc No. 29] and non-party ZAS Consulting, LLC's Motion to Quash Subpoena [Doc. No. 30]. Defendants filed a combined response [Doc. No. 31]. The motions to quash are substantively identical and seek either to quash or modify the subpoenas duces tecum issued to SeeYourInnerPowerz Corp. and ZAS Consulting, LLC (the Entities), both of which are owned by Plaintiff.

Because these motions relate to discovery matters, the requirements of LCvR37.1 apply:

> With respect to all motions or objections relating to discovery pursuant to FED. R. CIV. P. 26 through 37 and 45, this court shall refuse to hear any such motion or objection unless counsel for movant first advises the court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord.

LCvR37.1. Counsel for the Entities (Plaintiff's counsel) did indicate in both motions to quash that counsel had "conferred over the subpoenas prior to their issuance." However, this certification is not sufficient under LCvR37.1 in that it 1) does not state whether counsel conferred *in good faith*; and 2) is unclear as to whether counsel met in person to sincerely attempt to resolve their differences.

Accordingly, the Entities' motions to quash [Doc. Nos. 29, 30] are **STRICKEN** for failure to comply with LCvR 37.1, without prejudice to refiling, if necessary, after compliance with LCvR 37.1.[1] Any such filing must certify compliance with LCvR 37.1.

**IT IS SO ORDERED** this 8th day of June, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] It is the Court's opinion that counsel should be able to resolve many of the matters raised in the Entities' motions to quash without intervention of the Court.